ACCEPTED
01-14-00993-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/29/2015 2:53:18 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00993-CR

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/29/2015 2:53:18 PM
CHRISTOPHER A. PRINE
Clerk

**DEMETRUS TREMAINE HORTON** §        **DEFENDANT-APPELLANT**

§

**VS.**                                                          §

§

**THE STATE OF TEXAS**           §        **PLAINTIFF-APPELLEE**

---

**APPELLANT'S MOTION FOR REHEARING
AND
MOTION FOR REHEARING *EN BANC***

---

**APPEAL IN CAUSE NO. 1387050
IN THE 178TH JUDICIAL DISTRICT COURT
OF HARRIS COUNTY**

---

**SCHNEIDER & McKINNEY, P.C.**

**TOM MORAN
TEXAS BAR NO. 14422200
440 LOUISIANA, SUITE 800
HOUSTON, TEXAS 77002
(713) 951-9994
TELECOPIER: (713) 224-6008
EMAIL: tom6294@aol.com**

**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

    Statutes and Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  REASONS FOR PANEL REHEARING. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.  The Panel erred in requiring Appellant to make a specific objection to a purported justification for a warrantless search never raised in the hearing on the motion to suppress evidence rather than requiring the State to prove the existence of an exception to the warrant requirement.

    2.  The Panel erred in mixing the concepts of preservation of error and the burdens of proof to establish the legality of a warrantless search. . . . 1

III.  REASONS FOR REHEARING *EN BANC*. . . . . . . . . . . . . . . . . . . . . . . . . 1

    The decision of the Panel conflicts with the decision of another panel of this Court in *Gore v. State,* 451 S.W.3d 182 (Tex. App. – Houston [1st Dist.] 2014, no pet.), holding that once a defendant shows a search was warrantless, the State bears the burden of proving the existence of an exception to the warrant requirement.
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Issues One and Two for Panel Rehearing. . . . . . . . . . . . . . . . . . . . . 2

        1.  Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.  Arguments on Panel Rehearing. . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  Issue Rehearing *En Banc*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# INDEX OF AUTHORITIES

## Cases

*Alford v. State,* 400 S.W.3d 924 (Tex. Crim. App. 2013).. . . . . . . . . . . . . . . . . . . 4

*Douds v. State,* No. PD-0857-14 (Tex. Crim. App. October 14, 2015) (not yet reported).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Gore v. State,* 451 S.W.3d 182 (Tex. App. – Houston [1st Dist.] 2014, no pet.). . 1, 7, 8

*Jacobs v. National Drug Intelligence Center,* 548 F.3d 375 (5th Cir. 2005). . . . . . 7

*Torres v. State,* 182 S.W.3d 899 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . 3, 8

## Statutes and Rules

TEX. R. APP. P. 33.1(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. R. APP. P. 41.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. R. APP. P. 49 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TEX. R. APP. P. 9.4(i)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. R. APP. P. 9.4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. TRANS. CODE ANN. § 724.012. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

U.S. CONST. amend. IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**TO THE JUSTICES OF THE COURT OF APPEALS:**

**COMES NOW DEMETRUS HORTON,** Appellant herein, by and through his attorney, **TOM MORAN,** and pursuant to Tex. R. App. P. 49 files this motion for rehearing and for rehearing *en banc* and in support thereof, would show the Court as follows:

## I.  INTRODUCTION

Appellant was convicted of possession of a controlled substance and his sentence was assessed at 25 years incarceration.  He filed a timely notice of appeal.  On December 22, 2015, a Panel of this Court affirmed the trial court in an unpublished opinion.  A copy of the Panel opinion is attached as Appendix A.

## II.  REASONS FOR PANEL REHEARING

1.  The Panel erred in requiring Appellant to make a specific objection to a purported justification for a warrantless search never raised in the hearing on the motion to suppress evidence rather than requiring the State to prove the existence of an exception to the warrant requirement.

2.  The Panel erred in mixing the concepts of preservation of error and the burdens of proof to establish the legality of a warrantless search.

## III.  REASONS FOR REHEARING *EN BANC*

1.  The decision of the Panel conflicts with the decision of another panel of this Court in *Gore v. State,* 451 S.W.3d 182 (Tex. App. – Houston [1ˢᵗ Dist.] 2014, no pet.), holding that once a defendant shows a search was warrantless, the State bears the burden of proving the existence of an exception to the warrant requirement.

1

## IV.  ARGUMENTS AND AUTHORITIES

### A.  Issues One and Two for Panel Rehearing

### 1.  Statement of Facts

Appellant filed a pre-trial motion to suppress evidence containing the following language:

> The evidence to be used against Defendant was seized in violation of the United States Constitution and the Constitution of the State of Texas.  Defendant was not under arrest and the officer was not conducting a legal pat-down of Defendant.

C.R. 21.

The drugs were found during a search of Appellant's socks.  Officer Moela testified at trial he had no warrant to search Appellant.  R.R. 26.

Appellant was wearing a white T-shirt, blue above the knee shorts, R.R. 24, open-toed sandals and socks, R.R. 18.  Moela had previously patted down Appellant. R.R.  26.  Based on the smell of drugs, Moela handcuffed Appellant, then reached into his sock and found PCP dipped cigarettes.  R.R. 20.  The State presented no evidence of exigent circumstances at trial.  Slip op., at 10.

### 2.  Arguments on Panel Rehearing

The Panel in its opinion mixed the concept of preservation of error with the concept  of shifting burden of proof.  *See generally* Slip op., at 9-10.  The Panel

2

wrote:

> Horton is correct that the State did not elicit any testimony regarding exigency. However, we cannot know what evidence might had been adduced on the subject, because trial counsel entirely failed to raise the issue of exigent circumstances when arguing the motion to suppress.

Slip op. at 10.[1]

The Panel cites no cases for the proposition that to preserve error a defendant urging a motion to suppress the fruits of a warrantless search or seizure must raise the issue of specific exceptions to the warrant requirement. Appellant can find none. The reason is that the Panel's holding is not supported by long-standing Texas jurisprudence.

In Texas, courts use a bifurcated, burden shifting procedure in motions to suppress evidence based on warrantless searches or seizures. First, the defendant has the burden of showing that the search was without warrant. Once he does that, the State has the burden of showing an exception to the warrant requirement justifying the warrantless search or seizure. *Torres v. State,* 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). Thus, once Appellant raised the issue of illegal search and seizure in his motion to suppress and showed that the search was warrantless, the evidentiary

---

[1]This is analogous to a holding that a defendant waives sufficiency of the evidence in a drug case when the State fails to prove that the alleged contraband is in fact a controlled substance when the defendant does not make that argument in a motion for directed verdict.

3

burden shifted to the State to show an exception to the warrant requirement.

The Panel's analysis would gut this longstanding rule of Texas jurisprudence and would require every defendant subjected to a warrantless search to disprove or at least argue both lack of probable cause and every conceivable exception to the warrant requirement.[2]

Thus, the State must show both probable cause and an exception to the warrant requirement. In order to justify the search, the State must show both. It can show any exception it chooses. Going further, the State can present sufficient evidence to show the existence of probable cause and an exception to the warrant requirement and, as long as the trial court rules in its favor, never mention probable cause or the exception. *See Alford v. State,* 400 S.W.3d 924 (Tex. Crim. App. 2013).

The State was on notice from the Court of Criminal Appeals that it bore the burden of showing both probable cause and an exception to the warrant requirement. It is not a situation in which the a defendant is required to argue every possible exception to the warrant requirement. The State bears the burden of providing evidence as to the existence of both probable cause and an exception to the warrant

---

[2]The State seems to recognize the absence of necessity for Appellant to argue every conceivable exception to the warrant requirement when it wrote in its appellate brief that Appellant's arguments that he was not under arrest or the arrest was illegal or that it was an illegal frisk were irrelevant. State's Brief at 12.

4

requirement. The State recognizes its burden in its appellate brief:

> In order for a warrantless arrest or search to be justified, the state must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. Where probable cause is lacking, the challenged search will not be upheld merely because the exigencies of the situation precluded the obtaining of a warrant Likewise, no amount of probable cause can justify a warrantless search where the state has not met its burden of showing exigent circumstances

State's Brief at 9-10 (internal citations and quotation marks omitted).

The State took the position in the trial court that the officers had probable cause and nothing more was required. It did not show the existence of an exception to the warrant requirement.

The Panel's reliance on *Douds v. State,* No. PD-0857-14 (Tex. Crim. App. October 14, 2015) (not yet reported), for the proposition that Appellant failed to preserve error is misplaced. In *Douds,* the Appellant's arguments both at the hearing on the motion to suppress evidence and in filings centered on compliance with the mandatory blood draw statute, TEX. TRANS. CODE ANN. § 724.012 and that it had to be narrowly construed to comply with the Fourth Amendment, U.S. CONST. amend. IV. Slip op., at 19-20. In the instant case, Appellant's complaint in his motion to suppress was a violation of the constitution. At trial, he argued the patdown was illegal.

5

Further, in *Douds,* the State at trial based its arguments for legality of the search on the mandatory blood draw statute and the issue was framed in those terms. In the instant case, the State did not frame its arguments in any way other than there was probable cause and that was sufficient to authorize the warrantless search. The State did not claim any exception to the warrant requirement so Appellant was never on notice that he had any obligation to argue that any specific exception did or did not apply. The issue joined at the trial court in *Douds* was interpretation and application of § 724.012.

The State and the trial court were placed on notice by the motion to suppress that Appellant asserted the search was unconstitutional, that he was not under arrest and that it was an illegal patdown. Once Appellant had proved the absence of a warrant, the burden fell on the State to justify the search.

For this reason, the Panel should grant rehearing, withdraw its opinion of December 22, 2015, and issue a new opinion holding that once Appellant showed the search was warrantless, the State failed in its burden of showing both probable cause and an exception to the warrant requirement – any exception that the State thought it could prove.

## B. Issue Rehearing *En Banc*

While *en banc* review is disfavored, it can be ordered to secure or maintain

6

uniformity in the Court's decisions. TEX. R. APP. P. 41.2(c). Maintaining or securing uniformity on issues before an appellate court prevents situations in which one panel of the court rules one way on an issue while another rules differently. The United States Court of Appeals for the Fifth Circuit calls this the rule of orderliness. *Jacobs v. National Drug Intelligence Center,* 548 F.3d 375 (5ᵗʰ Cir. 2005).

In the instant case, Appellant preserved error by filing his motion to suppress asserting the search violated the Texas and federal constitutions, that Appellant was not under arrest and the officer was not conducting a legal pat down. TEX. R. APP. P. 33.1(a)(1)(A). The trial court not only was on notice of Appellant's complaint but stopped the trial and conducted a hearing after trial counsel forgot to press his motion.

In the instant case, the holding of the Panel conflicts with the holding of another panel in *Gore v. State,* 451 S.W.3d 182, 186 (Tex. App. – Houston [1ˢᵗ Dist.] 2014, no pet.), where the panel that once a defendant shows that search was warrantless, "the burden shifts to the State to prove the warrantless search was reasonable under the totality of the circumstances." The State can meet its burden by showing an exception to the warrant requirement. *Id.*

The Panel's decision conflicts with *Gore* in that it would require defendants to do much more than object on constitutional grounds and show the lack of a warrant. It requires them to put the State on notice of why an exception not argued by the State

7

does not apply. Thus, the defense would have to argue every conceivable exception to the warrant requirement. Slip op., at 9.

Appellant asserts he preserved error by his motion to suppress evidence and met his evidentiary burden by showing the absence of a warrant. That was all he was required to do by *Gore* and the Court of Criminal Appeals in *Torres.*

The Court should grant *en banc* review to maintain uniformity among the panels of the Court.

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that the Panel withdraw its opinion of December 22, 2015, grant rehearing, write a new opinion reversing the trial court and remanding **OR IN THE ALTERNATIVE,** that the Court grant *en banc* review of the Panel's decision of December 22, 2015.

Respectfully submitted,
Schneider & McKinney, P.C.


/s/ Tom Moran
Tom Moran
Texas Bar No. 14422200
440 Louisiana, Suite 800
Houston, Texas 77002
(713) 951-9994
Telecopier: (713) 224-6008
Email: tom6294@aol.com

Attorney for Appellant

8

**CERTIFICATE OF COMPLIANCE**

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that the above document contains 1,796 words, excluding the portions excluded in TEX. R. APP. P. 9.4(i)(1).

/s/Tom Moran
Tom Moran

**CERTIFICATE OF SERVICE**

I certify that the above brief was served on the State of Texas through electronic filing on this29th  day of December, 2015.

/s/ Tom Moran
Tom Moran

# Appendix
# Panel Opinion



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-00993-CR
_____

**DEMETRUS TREMAINE HORTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1387050**

---

## MEMORANDUM OPINION

A jury convicted Demetrus Tremaine Horton of possession of a controlled substance in an amount more than one gram and less than four grams. *See* TEX. HEALTH & SAFETY CODE § 481.115(c). He pleaded "true" to two prior felony convictions, resulting in an enhanced punishment. The jury assessed punishment at

25 years of imprisonment. Horton appealed, and he asserts two issues: (1) the trial court erred in denying his motion to suppress evidence from a warrantless search and (2) he received ineffective assistance of counsel.

Finding no reversible error, we affirm.

## Background

Officer Gerald Meola was patrolling with his partner when he observed a vehicle merge from the exit ramp to the third moving lane of traffic without using a signal, which is a traffic violation. Officer Meola initiated a stop and pulled the vehicle over. When he approached the driver's side window, he smelled what he recognized from experience to be a strong odor of phencyclidine (PCP).

Officer Meola asked Horton, the vehicle's driver and sole occupant, to exit the car. He patted down Horton's upper body and waist but did not find any contraband. Both police officers searched the vehicle and were still unable to find the source of the odor. Officer Meola observed that Horton's behavior was consistent with someone who had smoked PCP, and handcuffed him because he had heard of PCP users becoming violent. He concluded based on the odor of the PCP and Horton's behavior that he had probable cause to search his person. He noticed a bulge in Horton's left sock, and he pulled out three cigarettes in a plastic bag that were still wet from being coated in PCP. Officer Meola then placed Horton in custody.

Horton asked to make a phone call to his girlfriend. Officer Meola dialed for him and held the phone to his ear. The officer overheard Horton tell his girlfriend, "They have my sherm." "Sherm" is a slang term for a cigarette dipped in PCP.

Horton filed a pretrial motion to suppress the evidence from Officer Meola's search. The motion argued that the cigarettes should be suppressed because "Defendant was not under arrest and the officer was not conducting a legal pat-down of Defendant." The trial court denied that motion by a written pretrial order. At trial, when the cigarettes were offered as evidence before the jury, Horton's counsel stated, "no objection." The trial court nonetheless removed the jury and stated that Horton's counsel had previously asked to take up the motion to suppress outside the jury's presence.

Horton's trial counsel examined Officer Meola on the search procedures he conducted. In closing his argument on the motion to suppress, Horton's counsel stated:

> I would like to point out that the officer did perform a warrantless arrest on Mr. Horton. He failed to follow proper procedures. He really had absolutely no reason to search my client's socks. There was a — he said a small — I mean, we know what was contained in the sock according to the officer was three cigarettes, which do not create a bulge, not even if they're in a sandwich bag. I think that his proper procedure would have been to perform a pat-down search of this suspect to see if they were able to locate any type of contraband that would allow them to further search, and that wasn't done.

The State responded that there was probable cause based on the odor of PCP, which allowed Officer Meola to search the socks despite the lack of a warrant. The trial court denied the motion to suppress without issuing findings of fact or conclusions of law.

Horton subsequently testified that he bought the drugs but had intended to purchase less than a gram of PCP. He admitted that he intended to get high because he had an addiction. He testified that he placed the cigarettes in his sock to avoid placing it on the seat or in the car, due to the smell.

At Horton's request, the jury charge included an instruction on the lesser included offense of possession of a controlled substance in an amount less than one gram. The jury found Horton guilty of possession of a controlled substance in an amount of one to four grams and assessed punishment at 25 years of imprisonment. Horton appealed.

**Analysis**

Horton asserts two issues on appeal. He argues that the trial court erred in denying his motion to suppress the evidence taken from his sock, claiming that the warrantless search of his person was illegal and the resulting evidence should have been excluded. Based in part upon this alleged error, Horton also claims that his trial counsel's failure to successfully argue the motion to suppress indicated a lack

4

of understanding of the law, and that this constituted ineffective assistance of counsel.

## I. Motion to suppress

Horton asserts that the trial court erred in denying his motion to suppress. He claims that the traffic stop should have been classified as a detention, that any arrest was unlawful because Officer Meola did not have probable cause based on the smell of PCP in the vehicle alone, and that any search pursuant to this unlawful arrest or detention was illegal. *See, e.g.*, *Estrada v. State*, 154 S.W.3d 604, 608–09 (Tex. Crim. App. 2005). The State responds that the odor of PCP in a vehicle with a single occupant, as opposed to a home, can provide probable cause for the search of the occupant's person. *See Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The State further argues that the exigent-circumstances exception to the warrant requirement applied because there was a need to prevent the loss or destruction of the evidence. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

An appellate court reviews a trial court's denial of a motion to suppress under a bifurcated standard, affording almost total deference to the trial court's determination of historical facts but reviewing the trial court's application of the law of search and seizure to the facts de novo. *Valtierra v. State*, 310 S.W.3d 442,

5

447 (Tex. Crim. App. 2010). When there are no explicit findings of historical fact, the appellate court views the evidence in the light most favorable to the trial court's ruling. *Estrada*, 154 S.W.3d at 607. This court "must uphold the trial court's judgment as long as it is reasonably supported by the record and is correct under any applicable theory of law." *Hereford v. State*, 339 S.W.3d 111, 117–18 (Tex. Crim. App. 2011).

The United States and Texas Constitutions protect against unreasonable searches. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. Warrantless searches of a person are presumed unreasonable unless they are subject to a recognized exception. *Missouri v. McNeely*, 133 S. Ct. 1552, 1558 (2013). No evidence obtained in violation of the United States and Texas constitutions shall be admitted in evidence at trial. TEX. CODE CRIM. PROC. art. 38.23.

The recognized exceptions to the warrant requirement include voluntary consent to search, search under exigent circumstances, and search incident to arrest. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). The State carries the burden to prove that an exception to the warrant requirement has been met. *Id.* at 613. A warrantless search under exigent circumstances is only reasonable if the officer has both (1) probable cause and (2) an exigency that requires an immediate search. *Gutierrez*, 221 S.W.3d at 685.

## A.    Probable cause

"Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *Estrada*, 154 S.W.3d at 609 (quoting *McNairy v. State*, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991)). This includes the "sum total of layers of information" that the officer acts upon, not merely individual considerations. *Id.*

In *State v. Steelman*, 93 S.W.3d 102 (Tex. Crim. App. 2002), the Court of Criminal Appeals held that "the mere odor of burning marijuana" in a home was insufficient to give officers probable cause that a particular suspect had committed the offense of possession of marijuana in their presence. *Steelman*, 93 S.W.3d at 108. The Court clarified in *Estrada v. State*, 154 S.W.3d 604 (Tex. Crim. App. 2005), that the odor of marijuana emanating from a home could be an element in determining whether there was probable cause, so long as the odor was not the sole justification for the search. *See Estrada*, 154 S.W.3d at 608–09.

This court has noted that when the odor of a narcotic has been detected in a small, enclosed area, such as a car, particularized suspicion is not required, unlike the requirements articulated in *Steelman*. *See Jordan*, 394 S.W.3d at 64 (citing *Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006)). When the

7

recognizable odor of a narcotic emanates from a vehicle, there is probable cause to search both the vehicle and its occupants. *Id.* at 65.

Horton argues that *Estrada* and *Steelman* establish that there was no probable cause for the search of his person, and only the initial pat-down was a legal search. This argument ignores the distinction recognized in *Jordan*, which held that the strong, recognizable odor of a narcotic in a small, concealed space provided a basis for probable cause to search a person. *See id*. Furthermore, Officer Meola testified that he observed Horton behaving in a manner consistent with users of PCP, and Horton was the sole occupant of the vehicle, which were additional factors that could lead to a showing of probable cause. *See Estrada*, 154 S.W.3d at 608–09.

We conclude that the facts adduced in the record support the trial court's implied ruling that the State met its burden to establish probable cause for the search. *See Estrada*, 154 S.W.3d at 609; *Jordan*, 394 S.W.3d at 64–65.

### B. Exigent circumstances

The Court of Criminal Appeals has identified three categories of exigent circumstances that justify a warrantless intrusion by police officers: providing aid or assistance to persons reasonably believed to be in need of assistance; protecting police officers from persons reasonably believed to be present, armed, and

dangerous; and preventing the destruction of evidence or contraband. *Gutierrez*, 221 S.W.3d at 685.

For the destruction of evidence to qualify as an exigent circumstance, there must be proof that "the officer reasonably believed that the removal or destruction of evidence was imminent." *Turrubiate v. State*, 399 S.W.3d 147, 153 (Tex. Crim. App. 2013). Evidence of mere possession of narcotics or suspicion that the evidence will be imminently destroyed is not enough to fulfill this requirement; there must be an objective indication that those in possession are preparing to destroy or dispose of the evidence. *See id.*; *Davila v. State*, 441 S.W.3d 751, 758 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

To preserve an issue for appeal, a timely objection must be made that states the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). "The purpose for requiring a timely, specific objection is twofold: (1) it informs the judge of the basis of the objection and affords him an opportunity to rule on it, and (2) it affords opposing counsel an opportunity to respond to the complaint." *Douds v. State*, No. PD–0857–14, 2015 WL 5981121, at *3 (Tex. Crim. App. Oct. 14, 2015). Rather than a highly technical requirement, all that is required of a party is "to let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for

the judge to understand him at a time when the trial court is in a proper position to do something about it." *Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

On appeal, Horton argues, for the first time, that "[t]here is no exception to the warrant requirement applicable to the instant case authorizing the officers to search Appellant for contraband." Appellant's Brief at 17. In response, the State argues that the exigency in this case stemmed from the potential loss or destruction of the contraband that Horton was carrying. Horton replies there was no evidence of imminent destruction adduced at trial, and therefore the State's argument must fail.

Horton is correct that the State did not elicit any testimony regarding exigency. However, we cannot know what evidence might have been adduced on that subject, because trial counsel entirely failed to raise the issue of exigent circumstances when arguing the motion to suppress. Instead of arguing that there were no exigent circumstances for the search and that the warrantless search was invalid on that basis, trial counsel's argument was that there was no probable cause to search Horton's sock without a prior pat-down search. Accordingly, the State's response at trial was solely on the basis of probable cause, and the trial court's ruling was based on these arguments. Opposing counsel was not given an opportunity to present argument (or adduce additional evidence, had it been

necessary), to respond to the potential issue of exigent circumstances, and the trial court was not asked to consider it.

Because the trial court was not apprised of any issues regarding exigent circumstances and the argument at trial was focused on probable cause, we conclude that Horton has failed to preserve exigent circumstances as a ground for complaint on appeal. *See Douds*, 2015 WL 5981121, at *5 (holding that trial court was not placed on notice for potential complaint about constitutionality when argument at trial was limited to statutory requirements, thus appellant failed to preserve error); TEX. R. APP. P. 33.1(a)(1)(A).

We conclude that the trial court correctly found probable cause for Officer Meola's search and that Horton failed to preserve the issue of exigent circumstances for review. We overrule Horton's first issue.

## II.  Ineffective assistance of counsel

Horton claims that his trial counsel did not understand the applicable law and that his deficient performance constituted ineffective assistance of counsel. Among several factors, Horton relies upon his trial counsel's supposed lack of knowledge of the procedure to preserve error and his failure to rely upon recent Fourth Amendment caselaw.

To show that trial counsel was ineffective, an appellant must demonstrate that trial counsel's performance fell below an objective standard of reasonableness,

11

and a probability sufficient to undermine confidence in the outcome existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Rylander v. State*, 101 S.W.3d 107, 109–10 (Tex. Crim. App. 2003); *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).

A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the defendant bears the burden to overcome the presumption that, under the circumstances, the challenged action was a result of sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. An accused is not entitled to perfect representation, and a reviewing court must look to the totality of the representation when gauging trial counsel's performance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013). The reviewing court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

A claim of ineffective assistance of counsel must be "firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed*, 187 S.W.3d at 392). "It is a rare case in which the trial record will by

12

itself be sufficient to demonstrate an ineffective-assistance claim." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). The record's limitations often render a direct appeal inadequate to raise a claim of ineffective assistance of counsel, as trial counsel is unable to respond to any articulated concerns. *See Goodspeed*, 187 S.W.3d at 392; *Rylander*, 101 S.W.3d at 111 (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective").

Based upon the totality of the record, we cannot conclude that Horton has established that his trial counsel's performance fell below an objective standard of reasonableness. Counsel may have been aware of *Jordan* and chosen to avoid a more specific, non-meritorious argument against probable cause. He may have had knowledge of unfavorable facts outside the record regarding exigent circumstances. Without a response from trial counsel, this court cannot do anything but speculate as to the reasons for his actions. Accordingly, we find that Horton has failed to satisfy the first prong of *Strickland* on this direct appeal, and we overrule Horton's second issue. *See Goodspeed*, 187 S.W.3d at 392–93.

## Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).