Opinion issued March 12, 2015



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00897-CR

————————————

**CESAR ROCHA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1914250**

---

## OPINION ON REHEARING

A jury found Rocha guilty of possession of marijuana in a useable quantity of more than two ounces and less than four ounces and assessed his punishment at 270 days' confinement. On appeal, Rocha contends that the trial court erred in (1) denying his motion to dismiss, because the State's re–filing of the case violated

his right to due process and articles 29.03 and 29.04 of the Texas Code of Criminal Procedure; (2) denying his motion to suppress pursuant to the Fourth Amendment; and (3) denying his request for a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure. Rocha further contends that the trial court violated his right to due process by failing to maintain impartiality during the proceedings. After a panel of our court issued its opinion in this case, Rocha moved for rehearing en banc. The en banc court denies the motion for rehearing; however, the panel withdraws its opinion and judgment and issues this opinion and judgment in their stead. Finding no error, we affirm.

**Background**

In February 2010, Patrol Officer J. P. Cruz observed a blue Ford Expedition with tinted windows parked in an apartment complex parking lot after dark, its lights on and engine running. The complex's leasing office had received numerous complaints regarding narcotics deals, prostitution, and trespassing taking place in this parking lot. Officer Cruz was aware of these complaints, and he personally had observed narcotics activity in this parking lot. He had observed individuals parked in the complex parking lot with their car engines running and headlights on before making narcotics transactions. The Expedition remained parked for five to ten minutes. No one entered or exited the car. Officer Cruz observed at least three people sitting in the Expedition.

2

Officer Cruz approached the Expedition on foot with a flashlight. He approached the vehicle because no one was exiting it, and its lights and engine had been on for five to ten minutes. As a safety precaution, he also drew his handgun, but pointed it down and close to his body. Officer Cruz testified that he noticed the driver's window was partially open; as he approached it, he smelled a strong odor of marijuana emanating from the car. Officer Cruz waved to the driver, who was Rocha. In response, Rocha further rolled down his window.

Officer Cruz asked the passengers to exit the car, and he handcuffed them. Officer Cruz asked Rocha if he had marijuana in the car. Rocha confessed that he did and that it was in the car's center console. Officer Cruz discovered marijuana in the car's center console, wrapped in 25 clear, small bags. All of the small bags were further enclosed in a large, clear bag.

*Course of Proceedings*

On February 5, 2010, the State filed an information against Rocha. On April 19, 2010, Rocha pleaded guilty to possession of marijuana pursuant to a plea bargain. The trial court convicted him and assessed his punishment at thirty days' confinement. Rocha later filed a successful writ of habeas corpus pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010). The record is silent as to when Rocha filed the writ and when the writ was granted. The State proceeded

to a re–trial. The trial court reset the case on multiple occasions in 2013: on April 15, May 16, June 14, and June 24.

At the last trial setting, the State moved to dismiss the case and noted that it would re–file it. The trial court granted the State's motion. The State then filed a new information against Rocha, and the trial court set the case for trial. Rocha moved to suppress the evidence of marijuana and his statements to Officer Cruz, and at trial, the trial court held a hearing on the motion. Rocha also moved to dismiss the case, contending that the State's earlier non–suit precluded it from re–filing the same criminal charges. The trial court denied both motions.

At trial, Officer Cruz testified that based on his experience, a narcotics dealer who plans to make a sale typically will park his car in a parking lot, will leave its engine running, will remain in the car, and will occasionally leave its lights on, because the dealer plans to conduct the sale from the car and leave the parking lot as soon as the transaction is complete. Officer Cruz also testified that, as he approached the Expedition, he drew his gun for his own safety, because a narcotics dealer typically carries a weapon.

**Discussion**

## I.      Re-filed Information

*Standard of review*

We review a trial court's decision to deny a defendant's motion to dismiss a charging instrument under a bifurcated standard. *See State v. Krizan–Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011) (citing *Guzman v. State*, 955 S.W.2d 85, 87–89 (Tex. Crim. App. 1997)). We defer to a trial court's "findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness." *Id.* We review de novo "pure questions of law and mixed questions that do not depend on credibility determinations." *Id.*

*Analysis*

Rocha contends that the State's re–filing of the case violated (1) his right to due process; and (2) articles 29.03 and 29.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.04 (West 2006). These contentions lack merit. The Due Process Clause of the Fifth Amendment "has a limited role to play in protecting against oppressive delay" and concerns only pre–indictment delays. *Krizan–Wilson*, 354 S.W.3d at 814 (quoting *United States v. Lovasco*, 431 U.S. 783, 789, 97 S. Ct. 2044, 2048 (1977)); *State v. Harbor*, 425 S.W.3d 508, 515 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Here, Rocha's complaint does not concern pre–information or investigative delay;

5

rather, it concerns the State's delay during the prosecution of the case. Accordingly, the State's motion to dismiss and immediate re–filing of the case did not violate the Fifth Amendment's Due Process Clause. *See Harbor*, 425 S.W.3d at 515.

Relying on *United States ex. rel. Hetenyi v. Wilkins*, Rocha next contends that the State's re–filing of the case was fundamentally unfair, violating the Due Process Clause of the Fourteenth Amendment. 348 F.2d 844, 867 (2d Cir. 1965). *Hetenyi*, however, is distinguishable. There, the State charged the defendant with first–degree murder, but the jury found him guilty of second–degree murder. *Id.* at 847. After his conviction was vacated on appeal, the State again prosecuted the defendant for first–degree murder. *Id.* The federal appellate court held that the re–prosecution for first–degree murder violated the due process clause of the Fourteenth Amendment, because the jury refused to convict the defendant of first–degree murder in the first trial. *Id.* at 856–57. In contrast to the facts in *Hetenyi*, the State moved to dismiss this case before any trial took place, and Rocha had not been acquitted of possession of marijuana.

Rocha further contends that the State's immediate re–filing of the information violates articles 29.03 and 29.04 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 29.03, 29.04. Article 29.03 provides that:

> A criminal action may be continued on the written motion of the State
> or of the defendant, upon sufficient cause shown; which cause shall be

fully set forth in the motion. A continuance may be only for as long
as is necessary.

*Id.* art. 29.03. Article 29.04 similarly provides the grounds for a State's motion to continue the case. *See id.* art. 29.04 (outlining requirements of State's motion for continuance for want of a witness). Neither provision, however, limits the State's right to re–file a case after dismissal; both are inapplicable to the facts presented in this case. We hold that the trial court properly denied Rocha's motion to dismiss the State's re–filed information.

## II.    Suppression Ruling

### *Standard of review and applicable law*

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Weide v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Accordingly, we defer to the trial court's determination of historical facts if the record supports them. *Ford*, 158 S.W.3d at 493. We review de novo the trial court's application of the law to those facts. *Id.* "[T]he prevailing party is entitled to 'the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.'" *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011) (quoting *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008)). A trial court's ruling will be sustained if it is "reasonably

7

supported by the record and correct on any theory of law applicable to the case." *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (quoting *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)).

"Law enforcement and citizens engage in three distinct types of interactions: (1) consensual encounters; (2) investigatory detentions; and (3) arrests." *State v. Woodard*, 341 S.W.3d 404, 410–11 (Tex. Crim. App. 2011) (citing *Florida v. Bostick*, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386 (1991), *Gerstein v. Pugh*, 420 U.S. 103, 111–12, 95 S. Ct. 854, 862 (1975), and *Terry v. Ohio*, 392 U.S. 1, 30–31, 88 S. Ct. 1868, 1884–85 (1968)). Consensual police–citizen encounters do not implicate Fourth Amendment protections. *Id.* at 411 (citing *Bostick*, 501 U.S. at 434, 111 S. Ct. at 2386). In contrast, if there is a detention, the detaining officer must have reasonable suspicion that the person "is, has been, or soon will be, engaged in criminal activity." *Id.* (citing *Florida v. Rodriguez*, 469 U.S. 1, 5–6, 105 S. Ct. 308, 310–11 (1984)). When there is a warrantless arrest, the arresting officer must have "probable cause to believe the same." *Id.* (citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001)).

We consider the "totality of the circumstances surrounding the interaction to determine whether a reasonable person in the defendant's shoes would have felt free to ignore [a police officer's] request or terminate the interaction." *Id.* (citing *Brendlin v. California*, 551 U.S. 249, 255, 127 S. Ct. 2400, 2405–06 (2007)).

Although we consider "[t]he surrounding circumstances, including time and place, . . . the officer's conduct is the most important factor" in deciding whether an encounter between a citizen and a police officer was consensual or a Fourth Amendment seizure. *Id.* (citing *Garcia–Cantu*, 253 S.W.3d at 244). "[W]hen an officer through force or a showing of authority restrains a citizen's liberty, the encounter is no longer consensual." *Id.* (citing *Brendlin*, 551 U.S. at 254, 127 S. Ct. at 2405). To support a reasonable suspicion that a person is, has been, or soon will be engaged in criminal activity, an officer must have "specific, articulable facts . . . combined with rational inferences from those facts." *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011) (citing *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989), *and Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010)). We examine the reasonableness of a temporary investigative detention in light of the totality of the circumstances to determine whether an officer had an objectively justifiable basis for the detention. *Id.* (citing *Terry*, 392 U.S. at 21–22, 88 S. Ct. 1868, 1880, *and United States v. Cortez*, 449 U.S. 411, 417–18, 101 S. Ct. 690, 695 (1981)); *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002) (citing *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)). Reasonable suspicion may exist even if the conduct of the person detained is "as consistent with innocent activity as with criminal

9

activity." *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011) (quoting *Curtis v. State*, 238 S.W.3d 376, 378–79 (Tex. Crim. App. 2007)).

A defendant has the "burden of producing evidence to rebut the presumption of proper conduct by law enforcement" and can satisfy it "with evidence that the seizure occurred without a warrant." *Woodard*, 341 S.W.3d at 412. "If the defendant satisfies the initial burden, the burden then shifts to the State to establish that the seizure was nevertheless reasonable under the applicable standard—either reasonable suspicion or probable cause." *Id.*

A police officer "may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009) (citing *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487 (1996), and *California v. Carney*, 471 U.S. 386, 393, 105 S. Ct. 2066, 2070 (1985)). A strong odor of marijuana emanating from a car establishes probable cause to search the car and its occupants. *Jordan v. State*, 394 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006)); *see also Miller v. State*, 608 S.W.2d 684, 685–86 (Tex. Crim. App. 1980) (holding that officers were authorized to conduct pat-down search after smelling odor of marijuana emanating from car and from appellant's person); *State*

*v. Crawford*, 120 S.W.3d 508, 510 (Tex. App.—Dallas 2003, no pet.) (finding that officers had probable cause to search car after smelling odor of burned marijuana).

*Analysis*

Rocha contends that Officer Cruz violated his Fourth Amendment rights in connection with Rocha's detention and subsequent arrest.[1] The State adduced sufficient evidence, however, that Officer Cruz had specific, articulable facts supporting a reasonable suspicion that Rocha was connected with criminal activity. *See Woodard*, 341 S.W.3d at 411; *Derichsweiler*, 348 S.W.3d at 914. Officer Cruz approached the Expedition because the driver and passengers exhibited behavior consistent with that of other individuals he had observed conducting narcotics transactions in the same parking lot. Officer Cruz testified to specific, articulable facts: the passengers and driver waited in the car for several minutes at a location where he previously had observed narcotics activity, without turning off their car engine or lights or exiting the car. *See Derichsweiler*, 348 S.W.3d at 914. The circumstances, viewed in totality, support Cruz's investigative detention. *See id; Balentine*, 71 S.W.3d at 768.

The State also adduced sufficient evidence supporting probable cause to arrest Rocha. Officer Cruz smelled a strong odor of marijuana emanating from

---

[1] Rocha also contends that Officer Cruz's conduct violated his Fifth and Sixth Amendment rights. Rocha, however, provides no argument or authority in support of his contention. Accordingly, we do not address these issues. *See* TEX. R. APP. P. 38.1(i).

11

Rocha's car as soon as he approached Rocha's window. Although two of the passengers contested Officer Cruz's testimony that the window was rolled down as he approached, we defer to the trial court's determination of witness credibility where the record supports it, as it does here. *See Weide*, 214 S.W.3d at 24–25; *Ford*, 158 S.W.3d at 493. When Officer Cruz smelled an odor of marijuana, he had probable cause to search the car and its occupants. *See Jordan*, 394 S.W.3d at 64–65. We hold that the trial court did not err in denying Rocha's motion to suppress.

## III. Jury Charge

*Standard of review*

Rocha contends that the trial court erred in denying his request for a jury instruction pursuant to article 38.23 of the Code of Criminal Procedure, because he adduced material evidence that the Officer Cruz's search was unlawful. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). If a fact issue exists concerning whether evidence was unlawfully obtained, then a trial court must instruct the jury that if it believes that the evidence was obtained in violation of article 38.23, then it should disregard the evidence so obtained. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). The evidence (1) must raise an issue of fact; (2) must be affirmatively contested; and (3) must be material to the lawfulness of the

challenged conduct. *Madden*, 242 S.W.3d at 510. The defendant must request a jury instruction on a specific historical fact to obtain one. *Id.* at 511. "[I]f other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact . . . is not material to the ultimate admissibility of the evidence." *Id.* at 510. In other words, "[t]he disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id.* at 511.

*Analysis*

Rocha disputes the facts surrounding his arrest, including: (1) whether Officer Cruz displayed his gun as a show of force; (2) whether a reasonable person in his position would have felt free to leave; (3) whether the apartment complex was a high–crime area; (4) whether Rocha or anyone else in the Expedition was acting suspiciously; (5) whether Rocha's window was rolled up when Officer Cruz approached the Expedition; and (6) whether Officer Cruz had reasonable suspicion.

Fact issues (1) and (2) are not material, because Officer Cruz had reasonable suspicion to detain Rocha before approaching the Expedition with his gun drawn. *See id.* at 510–11. Issues (3) and (4) are undisputed. No one contested Officer Cruz's testimony that he had viewed many narcotics transactions at the apartment complex. *See id.* at 510. No one contested that Rocha and the passengers were waiting in the Expedition in the complex parking lot for several minutes with the

13

car engine running and lights on, the basis for the temporary investigative detention.

Fact issue (5) is not material. Although both passengers testified that the windows were rolled up as Officer Cruz approached, Officer Cruz also could have smelled marijuana as the passengers exited the car, which occurred before Officer Cruz asked Rocha if he had any marijuana. Once Officer Cruz smelled marijuana, he had probable cause to search the car and its occupants. *See Jordan*, 394 S.W.3d at 64–65. The ultimate material fact is whether there was an odor of marijuana at some point, not whether the window was up or down at the initial detention. Although both passengers contested Officer Cruz's testimony that the window was open, this contested fact was not material. *See Madden*, 242 S.W.3d at 510–11. Thus, Rocha's first five challenges were either not material or not contested.

Issue (6) is not a factual issue, but a legal issue. Whether a police officer has reasonable suspicion is a question of law, not fact. *See id.* at 511 ("The jury . . . is not an expert on legal terms of art. . . . It cannot be expected to decide whether the totality of certain facts do or do not constitute 'reasonable suspicion' under the law.").

Because Rocha did not raise any material fact issue, he was not entitled to an article 38.23 jury instruction. *See id.* at 510. Accordingly, the trial court did not err in denying his request for an article 38.23 jury instruction.

## IV.  Impartiality of trial court

Rocha contends that the trial court violated his right to due process in failing to maintain impartiality during the proceedings.  "Due process requires a neutral and detached hearing body or officer."  *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  A trial court's actions will be presumed to have been correct, absent a clear showing of bias.  *Id.*

Rocha first challenges the following exchange, outside the presence of the jury, during the State's argument on Rocha's motion to suppress:

> The Court:  Okay.  Let's say it's not a consensual encounter.  What's the reasonable suspicion to temporarily detain to confirm or dispel any suspicions about criminal activity having taken place or about to take place?
>
> State's counsel:  The reasonable suspicion for the officer to approach—are you referring other than the high criminal activity in the area?
>
> The Court:  Other than the high crime area.

A trial judge has broad discretion in maintaining control and expediting a trial and may interject to clarify a point of confusion.  *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001); *Murchison v. State*, 93 S.W.3d 239, 262 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).  Rocha contends that the trial court went beyond those bounds and aided the State by intimating that it would find that

reasonable suspicion existed when the State had not previously argued this theory.[2]

This contention is without merit.  The State had earlier argued that Officer Cruz

had probable cause to search the car and detain Rocha:

> State's counsel:  . . . And then once he had that smell, once he had that admission, he could search the vehicle.  That's that.  It's very simple.  There is no complicated explanation as to what happened there and whether the officer could enter the vehicle.  It's very simple.  He had probable cause to search the vehicle.
>
> The Court:  So, your position is that a detention did not exist until after he smelled the marijuana?
>
> State's counsel:  Yes.

The State argued at the outset that no search occurred until after Officer

Cruz smelled the marijuana emanating from the car.  The trial court acted within its

discretion by responding with a question to clarify.  *See Jasper*, 61 S.W.3d at 421.

The State clarified that its position was that no detention occurred until after

Officer Cruz smelled the marijuana.  In the subsequent complained–of exchange,

the trial court did not introduce a new alternative theory and thus did not assist the

State.

Rocha also contends that the trial court violated his right to due process in

failing to hold a pre–trial hearing on his motion to suppress.  But a trial court is not

---

[2]  Rocha failed to object to this exchange.  But, because the Court of Criminal Appeals has not spoken definitively on the issue of whether a trial judge's comments can be challenged on appeal absent an objection, we address the merits of Rocha's complaint.  *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006).

required to rule on a motion to suppress before trial and may carry the motion along with the trial on the merits. *York v. State*, 342 S.W.3d 528, 550–51 (Tex. Crim. App. 2011) (citing *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988)). Accordingly, we hold that Rocha failed to make a clear showing of bias and thus does not overcome the presumption that the trial court maintained its impartiality during the proceedings.

## Conclusion

The trial court did not err in denying Rocha's motion to dismiss, motion to suppress, and request for an article 38.23 jury instruction, nor did it fail to maintain impartiality during the proceedings. We therefore affirm the judgment of the trial court. The motion for rehearing en banc is denied.

                                        Jane Bland
                                        Justice

Panel consists of Justices Higley and Bland.[*]

En banc court consists of Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Huddle, and Lloyd.

Publish. *See* TEX. R. APP. P. 47.2(b).

---

[*] Justice Jim Sharp was a member of the original panel, which unanimously voted to affirm, but his term of office expired in the interim. The two remaining justices issue the opinion on rehearing. *See* TEX. R. APP. P. 41.1 & 49.3.