Opinion issued December 22, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00994-CR

————————————

**ANDREW EARL JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from County Criminal Court at Law No. 5
Harris County, Texas
Trial Court Case No. 2029192

---

# MEMORANDUM OPINION

A jury convicted appellant, Andrew Earl Jackson, of burglary of a motor vehicle[1] and assessed his punishment at 200 days' confinement in the Harris County Jail. In two points of error, appellant contends that the trial court erred in failing to (1) instruct the jury pursuant to article 38.23 of the Code of Criminal Procedure and (2) read the charge aloud to the jury pursuant to article 36.14. We affirm.

## Background

On June 2, 2015, at approximately 3 a.m., Officer Jorge Rincones with the Houston Police Department was patrolling the Montrose area when he saw appellant standing behind a car with its trunk open, bending down, and going through the items in the trunk. Officer Rincones testified that appellant looked in his direction, removed a bag from the trunk, and walked away. Officer Rincones stated that appellant left the trunk open and luggage on the ground. According to Officer Rincones, the area is known as a high-crime area in which a number of crimes, including robberies, vehicle thefts, and car break-ins, have been committed.

After Officer Rincones observed appellant walk across the street without entering a residence, he pulled up beside him. Officer Rincones testified that he recognized appellant from the neighborhood and had never seen him driving a car. Appellant told Officer Rincones that he did not own the car from which he had taken

---

[1] *See* TEX. PENAL CODE ANN. § 30.04(a) (West 2013) ("A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.").

2

the bag and that he was on his way to see his girlfriend. Officer Rincones detained appellant while he investigated the situation. Seconds later, other officers arrived at the scene and told Officer Rincones that someone had called to report a vehicle burglary in progress. Officer Rincones later identified Eric Lanning as the owner of the car. Lanning told Officer Rincones that he had not given permission to anyone to enter his car, and that the luggage on the ground and the messenger bag appellant was carrying belonged to him.

Armando Lomas, an area resident, testified that he woke up at approximately 2 a.m. to use the restroom and looked out the window to check on his vehicle parked on the street. Lomas stated that he saw appellant walk down the street and stop at a red car. Appellant then leaned on the trunk of the car and looked around as if checking to make sure no one was watching. Lomas testified that the trunk popped open and he saw appellant pull out a piece of luggage and a shoulder bag. Lomas testified that appellant put the luggage back in the trunk, closed the trunk, and walked away with the bag. After Lomas called police to report a burglary, he saw an officer stop appellant. Appellant was subsequently charged with the offense of burglary of a motor vehicle.

**Jury Charge**

In his first issue, appellant contends that the trial court erred by denying his request for an instruction under article 38.23 of the Code of Criminal Procedure.

3

## A. Standard of Review

We review a claim of jury charge error using the standard set out in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). First, we determine whether error exists in the jury charge. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013). Second, if error exists, we determine whether sufficient harm was caused by that error to require reversal. *Id.*; *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). We review a trial court's decision to not submit an instruction in the jury charge for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000).

## B. Applicable Law

Article 38.23(a) provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). A defendant's right to the submission of jury instructions under article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would

4

render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007).

To be entitled to an article 38.23(a) instruction, a defendant must demonstrate that (1) the evidence heard by the jury raises an issue of fact; (2) the evidence on that fact is affirmatively contested; and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *See id*. at 510. However, if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. *See id.* at 513; *Serrano v. State*, 464 S.W.3d 1, 7 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct. *Madden*, 242 S.W.3d at 511; *Serrano*, 464 S.W.3d at 7.

An investigative detention requires a police officer to have reasonable suspicion of criminal activity. *See Matthews v. State*, 431 S.W.3d 596, 602–03 (Tex. Crim. App. 2014). Reasonable suspicion is present if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead the officer to reasonably conclude that a person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A reasonable suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93.

5

## C.    Analysis

During the charge conference, appellant requested that an article 38.23 instruction be included in the charge, citing differences in Officer Rincones's and Lomas's testimony as to whether appellant left the trunk of the complainant's car open or closed it before walking away with a bag.  Appellant argued that this contested factual dispute entitled him to the instruction because Officer Rincones testified that he had reasonable suspicion to detain appellant based on the fact that appellant left the trunk open with bags on the ground.  The trial court denied appellant's request, finding that other factors amounted to reasonable suspicion to support the detention.

The question as to whether appellant left the trunk of the car open or closed it before walking away with the bag was not a fact material to determining the lawfulness of the detention.  The following facts, not in dispute, were sufficient to support Officer Rincones's reasonable suspicion: the area in question is known as a high-crime area in which a number of crimes, including robberies, vehicle thefts, and car break-ins, have been committed; at approximately 3:00 a.m., Officer Rincones observed appellant rummage through the trunk of the complainant's car, remove a bag, turn and look in the officer's direction, and walk away from the car with the bag; appellant did not walk toward any of the nearby residences; Officer Rincones recognized appellant from the neighborhood but had never seen him

6

driving a car; when the officer asked appellant what he was doing, appellant told him that the car did not belong to him. Under the totality of the circumstances, Officer Rincones had reasonable suspicion based on specific, articulable facts to conclude that appellant was engaging in criminal activity, even without evidence that the trunk was left open. *See Derichsweiler v. State*, 348 S.W.3d 906, 916 (Tex. Crim. App. 2011) (finding officer had reasonable suspicion to detain defendant who was observed stopping next to vehicles in parking lot and staring at occupants of vehicles); *Tanner v. State*, 228 S.W.3d 852, 856 (Tex. App.—Austin 2007, no pet.) (finding reasonable suspicion justifying stop based on officer's observations that defendant and his companion had come from behind bar at 3:00 a.m. well after time when business had closed).

There is no factual dispute sufficient to raise an issue for the jury regarding whether Officer Rincones had reasonable suspicion to detain appellant. *See Madden*, 242 S.W.3d at 513; *see also Garza v. State*, 126 S.W.3d 79, 84–85 (Tex. Crim. App. 2004) ("That appellant 'disagrees with the *conclusion* that probable cause was shown as a matter of law'" is not the same as appellant controverting the *facts*.") (emphasis in original). Thus, an article 38.23 instruction was not required. *See Rocha v. State*, 464 S.W.3d 410, 419 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (concluding article 38. 23 instruction was not required because question as to whether defendant's window was rolled up as officer approached was not material

to legality of officer's warrantless search of vehicle where officer could have smelled marijuana as passengers exited car thereby providing probable cause for search).

Moreover, no instruction was required in this case because no evidence existed that could have been suppressed based on any illegal arrest. An instruction under article 38.23 instructs a jury to disregard any evidence if they find beyond a reasonable doubt that it was obtained in violation of the law. *See* TEX. CRIM. PROC. ANN. art. 38.23(a). Here, no evidence was admitted that was obtained after Officer Rincones detained appellant. Although appellant argued that the shoulder bag he was carrying when he walked away from the car should have been suppressed, the record reflects that the State did not offer the bag into evidence.

The trial court did not err in denying the requested article 38.23 instruction. We overrule appellant's first point of error.

## Reading of the Court's Charge

In his second point of error, appellant argues that the trial judge failed to read the jury instructions aloud.

Article 36.14 of the Code of Criminal Procedure provides that "the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CRIM. PROC. ANN. art. 36.14 (West 2007). A supplemental reporter's record was filed on August 18, 2016, reflecting

8

that the charge was read to the jury in open court.  Accordingly, we overrule appellant's second point of error.

## Conclusion

We affirm the trial court's judgment.


Russell Lloyd
Justice

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).