# NO. 12-16-00227-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAM KEMP,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sam Kemp appeals his conviction for possession of a controlled substance. In his sole issue, Appellant argues that the trial court erred in denying his motion to suppress evidence. We affirm.

### BACKGROUND

On July 3, 2015, Tyler Police Department Officer Brandon Lott, while working the midnight shift, parked at a gas station. Officer Lott observed what he believed to be an illegal drug transaction. He saw a young male approach the passenger side of a vehicle, reach into his pocket and retrieve an item, hand it to an individual later determined to be Appellant, and then walk away from the vehicle. As the vehicle exited the parking lot, Officer Lott heard the tires squeal and saw it make a wide right turn.

Officer Lott initiated a traffic stop, and when he approached the vehicle, he observed an open container containing alcohol. Officer Lott conducted field sobriety tests on Appellant, which he passed. While looking in the vehicle for other alcoholic beverages, Officer Lott saw, in plain view, a small plastic bag containing crack cocaine.

Officer Lott arrested Appellant, and he was indicted for possession of a controlled substance, a state jail felony as alleged. Appellant pleaded "not guilty" and the matter proceeded

to a jury trial. The jury found Appellant guilty and sentenced him to eighteen months of confinement in a state jail facility. This appeal followed.

<h2 style="text-align:center">MOTION TO SUPPRESS</h2>

In his sole issue, Appellant contends that the trial court erred when it denied his motion to suppress evidence, because the record does not support the conclusion that the officer had reasonable suspicion to detain his vehicle.

## Standard of Review

We evaluate a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). The trial judge is the sole trier of fact and judge of the weight and credibility of the evidence and testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). Accordingly, we defer to the trial court's determination of historical facts if the record supports them. *Ford*, 158 S.W.3d at 493. We review de novo the trial court's application of the law to those facts. *Id.* The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). A trial court's ruling will be sustained if it is reasonably supported by the record and correct on any theory of law applicable to the case. *Laney v. State*, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).

## Applicable Law

Law enforcement and citizens engage in three distinct types of interactions: (1) consensual encounters, (2) investigatory detentions, and (3) arrests. *State v. Woodard*, 341 S.W.3d 404, 410-11 (Tex. Crim. App. 2011). Consensual law enforcement-citizen encounters do not implicate Fourth Amendment protections. *Id.* at 411. A citizen may terminate a consensual encounter at any time. *Crain v. State*, 315 S.W.3d 43, 49 (Tex. Crim. App. 2010). Investigative detentions and arrests are Fourth Amendment seizures and therefore implicate Fourth Amendment protections. *Johnson v. State*, 414 S.W.3d 184, 191 (Tex. Crim. App. 2013).

Investigative detentions must be supported by a reasonable suspicion of criminal activity. *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013). A law enforcement officer has reasonable suspicion if he has specific, articulable facts that, when combined with the rational inferences from those facts, would lead him reasonably to conclude that the person

detained is, has been, or soon will be engaging in criminal activity. *Id.* This is an objective standard, and the subjective intent of the officer is irrelevant. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

Although the individual circumstances may seem innocent enough in isolation, the applicable standard considers the totality of the circumstances. *Wade*, 422 S.W.3d at 668. Reasonable suspicion may exist even if the conduct of the person detained is "as consistent with innocent activity as with criminal activity." *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). When the officer's information supports more than "an inarticulate hunch or intuition . . . that something of an apparently criminal nature is brewing," the standard for reasonable suspicion is satisfied. *See id.* An officer's training or experience, combined with permissible deductions based on objective facts, may provide reasonable suspicion to justify a detention. *See Ford*, 158 S.W.3d at 494.

## Discussion

Officer Lott testified that he detained Appellant's vehicle in part because of his belief that Appellant violated Texas Transportation Code section 545.101(a), which provides that, "[t]o make a right turn at an intersection, an operator shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway." TEX. TRANSP. CODE ANN. § 545.101(a) (West 2011). Appellant contends that the State failed to establish the "closely as practicable" element, because it relied solely on Officer Lott's conclusory opinion, without providing any specific, articulable facts, that Appellant committed the offense.[1] The State concedes that Officer Lott's conclusion that he believed Appellant committed the offense, without more, cannot form the basis of a reasonable suspicion to support the detention. However, the State counters that Officer Lott articulated other specific facts supporting the detention.

At the suppression hearing, Officer Lott testified that he detained the vehicle not only because of the alleged traffic violation, but independently because of his observations leading him to believe that Appellant had just engaged in a narcotics transaction. Specifically, Officer Lott testified that he worked the midnight shift on the night in question. He stated he was parked at a convenience store known for drug transactions where he had personally made multiple prior

---

[1] Because Officer Lott saw an open container of alcohol, Appellant does not challenge Officer Lott's subsequent search of his vehicle for other containers of alcohol, which led to his discovery of crack cocaine in plain view.

drug-related arrests. Officer Lott saw Appellant park his vehicle in the parking lot away from the store's gas pumps and the store itself. He watched another man approach Appellant's vehicle, reach into his pocket, retrieve an item, and hand it to Appellant through the passenger side window. Afterwards, the man walked away towards another car. Officer Lott testified that based on his training and experience, he believed that his observations were consistent with a hand-to-hand drug transaction.

We hold that Officer Lott's observations are objective, specific, and articulable facts that, when viewed in their totality, provide a rational inference that Appellant had likely engaged in a narcotics transaction, thereby justifying an investigative detention. *See **Rocha v. State***, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (holding officer's observations that passenger and driver waited in the car for several minutes at location where he previously had witnessed narcotics activity, without turning off the car engine or lights or exiting the car, were specific, articulable facts supporting investigative detention); ***Wiley v. State***, 388 S.W.3d 807, 817–18 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (holding officer had reasonable suspicion to support investigative detention when, based on his training and experience, he observed what he believed to be hand-to-hand drug transaction); ***State v. 1998 Toyota Land Cruiser, Oklahoma Tag CMN-633 VIN JT3HT05J9W0007179***, 277 S.W.3d 88, 91 (Tex. App.—Amarillo 2009, no pet.) (same). We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered December 6, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 6, 2017**

**NO. 12-16-00227-CR**

**SAM KEMP,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0220-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*