In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00197-CR
_____

QUINTON TERRELLE RUSO, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 14174JD**

_____

## MEMORANDUM OPINION

Appellant Quinton Terrelle Ruso appeals his conviction for unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(a)(1). In his sole issue on appeal, Ruso complains the trial court erred by denying his Motion to Suppress physical evidence seized without a warrant. We affirm the trial court's judgment.

1

PERTINENT BACKGROUND

A grand jury indicted Ruso for the offense of unlawful possession of a firearm by a felon. Ruso filed a Motion to Suppress, seeking the suppression of evidence, including a firearm, that the Jasper County Sheriff's Office seized without a warrant, probable cause, or other lawful authority in violation of his constitutional rights. Ruso filed a Brief Regarding Vehicle Search, arguing that officers approached him while he was in his immobile vehicle, and after he left his vehicle, officers detained and arrested him, searched his vehicle without a warrant, and retrieved a weapon from the vehicle's center console. Ruso argued the automobile exception, which allows law enforcement officers to lawfully conduct a warrantless search of a vehicle if it is readily mobile and if probable cause exists, did not apply.

The trial court conducted a hearing on Ruso's Motion to Suppress. Michael Henderson testified that he was a Deputy with the Jasper County Sheriff's Office when he encountered Ruso after receiving a call concerning someone walking around with a gun on the street where Ruso lives. Henderson believed that dispatch identified Ruso by name and sent him to Ruso's father's residence where Ruso lived. Henderson explained that he had previously answered calls concerning Ruso's aggressiveness towards his father and neighbors.

Henderson testified that when he approached Ruso's father's residence, Ruso was sitting in a vehicle parked at an angle in front of the residence, and he observed

2

Ruso exit the vehicle, walk toward the residence, and run from the other officers. Henderson said that he returned to his vehicle to "circle around and make sure he didn't cross over into the woods[.]" Henderson explained that when he returned to the scene, Ruso was in custody and a pistol had been recovered from his vehicle. Henderson testified that Ruso's vehicle had been there for some time, but he did not know if it had been moved or if it was abandoned.

Lieutenant Alex Williams of the Jasper County Sheriff's Office testified that he encountered Ruso after responding to Henderson's call requesting backup. Williams testified that he was in a marked vehicle and wearing a uniform when he arrived at the scene, and he observed Ruso exit the driver's side of the vehicle he was sitting in and take off running. Williams testified that after another officer shouted at Ruso to stop, they chased Ruso, and the other officers placed Ruso into custody. Williams explained that after he smelled marijuana emitting from the vehicle Ruso exited, he searched the vehicle for marijuana and the gun that Ruso had reportedly possessed. Williams testified that he found a pistol in the center console of the vehicle that Ruso had been sitting in. According to Williams, he was unfamiliar with the vehicle, did not know if it was mobile, and he "had no reason to think either or."

Ruso's mother testified that when Ruso was arrested, his vehicle was totally disabled because the transmission was broken. Ruso's mother explained the vehicle

3

had been at Ruso's father's residence for approximately a year in the same spot, and there is grass growing up around it. Ruso testified that when he saw the police pull up, he was sitting in his vehicle, and he closed the passenger door and exited on the driver's side of his vehicle and took off running. Ruso testified that he did not hear the police ask him to stop, but he heard an officer say that he was running. According to Ruso, the driver's door closed itself because the vehicle was leaning, and the key was not in the vehicle. Ruso testified that he was handcuffed when the police searched his vehicle, which had not moved in a few months because its transmission was damaged.

After considering the evidence, the trial court denied Ruso's Motion to Suppress. The jury found Ruso guilty of the offense of unlawful possession of a firearm by a felon and assessed his punishment at seven years of confinement plus a $3,500 fine.

## ANALYSIS

In his sole issue, Ruso complains the trial court erred by denying his Motion to Suppress the physical evidence seized without a warrant. Ruso argues the automobile exception to the warrant requirement did not apply because there was sufficient evidence that the vehicle was not readily mobile and that the police knew the vehicle had been sitting in his father's yard for some time. According to Ruso, no exigent circumstances existed to justify the warrantless search.

4

Generally, we review a trial court's ruling on a motion to suppress using a bifurcated standard. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely on credibility determinations if they are supported by the record, but we review de novo questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In ruling on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or disbelieve any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must uphold the trial court's ruling on a motion to suppress, if the "ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

The Fourth Amendment protects against unreasonable searches and seizures conducted by government officials. U.S. CONST. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Generally, a warrantless search is per se unreasonable unless it falls within one of the "'few specifically defined and well established'" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003) (citation omitted). Under the automobile exception

5

to the warrant requirement, a police officer may search a vehicle without a warrant if it is readily mobile and he has probable cause to believe the vehicle contains contraband. *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). The two justifications for the automobile exception include the automobile's ready mobility and the lower expectation of privacy in a vehicle because it is subject to government regulation. *Keehn*, 279 S.W.3d at 335. The automobile exception does not require exigent circumstances. *Neal v. State*, 256 S.W.3d 264, 283 (Tex. Crim. App. 2008). Under the automobile exception, justification for a warrantless search "does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away[.]" *Michigan v. Thomas*, 458 U.S. 259, 261 (1982). Accordingly, an officer may search a vehicle on the basis of probable cause to believe that it contains contraband, although exigent circumstances do not exist to justify a warrantless search. *Id.* at 261–62; *Dixon v. State*, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006) ("[A] finding of probable cause 'alone satisfies the automobile exception to the Fourth Amendment warrant requirement.'") (citation omitted). Additionally, a strong odor of marijuana emanating from a vehicle may establish probable cause to search a vehicle. *Marsh v. State*, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984); *Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

6

Despite Ruso's contention, there is no evidence in the record showing that prior to the search, the police had knowledge Ruso's vehicle was immobile. Williams testified that he was not familiar with the vehicle and had no reason to believe it was immobile. Henderson testified that he did not know if Ruso's vehicle had been moved or abandoned. Based on the evidence relevant to the search of Ruso's vehicle, the trial court could reasonably find that when the police searched the vehicle, they believed the automobile was readily mobile. Additionally, Ruso exited the driver's side of the vehicle and ran despite the officer's command to stop, and the smell of marijuana emitting from the vehicle gave Williams probable cause to search the vehicle for contraband. *See Marsh*, 684 S.W.2d at 679. We conclude the trial court could have reasonably determined that the automobile exception justified the warrantless search of Ruso's vehicle and that the smell of marijuana gave Williams probable cause to search the vehicle for contraband. Accordingly, the trial court did not err by denying Ruso's Motion to Suppress. We overrule Ruso's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 4, 2022
Opinion Delivered August 31, 2022
Do Not Publish
Before Golemon, C.J., Kreger and Horton, JJ.

7