# NOS. 12-23-00090-CR
## 12-23-00108-CR
## 12-23-00109-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY CHRISTIAN MOFFITT,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury convicted Jeremy Christian Moffitt of unlawful possession of a firearm by a felon, aggravated assault against a public servant, and assault of a peace officer.[1] In four issues, Appellant challenges (1) the denial of his motion to suppress, (2) the trial court's refusal to give a jury instruction, (3) the sufficiency of the evidence supporting his conviction for unlawful possession of a firearm, and (4) the trial court's assessment of duplicative court costs. We affirm the trial court's judgment in the aggravated assault of a public servant case and modify the trial court's judgments and affirm as modified in the unlawful possession of a firearm and assault of a peace officer cases.

### BACKGROUND

At the hearing on Appellant's motion to suppress, Texas State Trooper Lewis Sullivan testified that he stopped a vehicle, in which Appellant was a passenger, for failing to display a front license plate. As Sullivan approached the passenger side of the vehicle, he smelled marijuana.

---

[1] Appellant was also convicted in the same criminal action of evading arrest.

Sullivan asked the driver to exit the vehicle and told her that he smelled marijuana. The driver stated that she and Appellant smoked marijuana in the vehicle earlier. Sullivan explained that based on the odor of marijuana and the driver's admission, he believed he had probable cause to search the vehicle. Upon searching the vehicle, Sullivan saw marijuana residue and found a firearm under the passenger seat. Both the driver and Appellant told Sullivan that the driver obtained the gun from a friend. Appellant also told Sullivan that he did not know the gun was in the vehicle. According to Sullivan, the firearm was on the floorboard underneath Appellant's seat and within Appellant's reach. When Sullivan checked Appellant's criminal history, he learned that Appellant is a convicted felon and arrested him for unlawful possession of a firearm. The trial court denied Appellant's motion to suppress all evidence from his arrest, and the matter proceeded to trial.

At trial, the evidence showed that Sullivan stopped a vehicle that lacked a front license plate, and Appellant was in the front passenger seat. When Sullivan approached the vehicle, he smelled marijuana, and the driver told Sullivan that "they had smoked marijuana prior." Sullivan decided to search the car for marijuana and found an open jar containing marijuana residue. Neither the driver nor Appellant owned the vehicle, but Sullivan found the keys to the vehicle on Appellant's person. Sullivan also found a loaded firearm under the passenger seat, within Appellant's reach. The driver told Sullivan that she obtained the gun from a friend. Appellant said the gun belonged to the driver and denied knowing that the gun was in the vehicle. Sullivan agreed that Appellant's demeanor was fairly defensive and that he was hyperverbal during the encounter. After Sullivan learned that Appellant is a convicted felon, he decided to arrest Appellant for unlawful possession of a firearm. Sullivan's body camera footage was admitted into evidence, and portions of the footage were published to the jury.

Appellant's pretrial release officer, Jamicah Brown, testified that she notified Deputy Marsha Smith of the Smith County Sheriff's Department to be ready to arrest Appellant during Brown's regularly scheduled meeting with him because he violated the conditions of his pretrial release on the charge of unlawful possession of a firearm by a felon. When Smith told Appellant that there was a warrant for his arrest, Appellant resisted. Brown testified that Appellant "slam[med] into Officer Marsha Smith, . . . pushed her, and then they tussled in the hallway, and then he ran through the door." Smith testified that when she reached for Appellant's hand, he pushed her against the doorway "and then took off running." Smith sustained bruises on her back and shoulder. Appellant got away from Smith and tussled with Deputy Michael Taylor, the

2

courthouse security officer who was stationed at the front of the probation building. During his struggle with Appellant, Taylor's knee struck a vending machine. Taylor suffered a torn tendon, which required surgery and rehabilitation, and he suffers from ongoing impairment.

Appellant's father testified that the gun Appellant was charged with possessing belonged to the driver, and that both the driver and the person who sold the gun to the driver had known Appellant since they attended high school together. At the conclusion of the testimony, defense counsel requested an instruction pursuant to Article 38.23 of the Texas Code of Criminal Procedure, arguing that Appellant's arrest was unlawful because there is "direct evidence that the gun did not belong to [Appellant]." The trial judge stated that "you can have enough evidence to find probable cause to arrest but not enough to convict [Appellant] of this offense[,]" noted that there was no fact question for the jury under Article 38.23, and denied the requested instruction.

The jury ultimately found Appellant "guilty" of all charges and assessed punishment at confinement for nine years for unlawful possession of a firearm, twenty years for evading arrest, thirty years for assault of a peace officer, and fifty-seven years for aggravated assault of a public servant.[2] This appeal followed.

## EVIDENTIARY SUFFICIENCY

In issue three, Appellant challenges the sufficiency of the evidence supporting his conviction for unlawful possession of a firearm. Specifically, Appellant asserts that the evidence was legally insufficient to link him to the firearm. Because this issue, if sustained, would result in rendition of a judgment of acquittal on the charge of unlawful possession of a firearm, we address it first. *See* TEX. R. APP. P. 47.1; *Price v. State*, 502 S.W.3d 278, 281 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

### Standard of Review and Applicable Law

When evaluating the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Legal

---

[2] Appellant pleaded "true" to the enhancement paragraph in the aggravated assault against a public servant case and the assault of a peace officer case.

sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.—San Antonio 1999, pet. ref'd). The jury is the ultimate authority on the credibility of witnesses and the weight to be given to their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). A reviewing court must give full deference to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the jury resolved such facts in favor of the verdict and defer to that resolution. *Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778.

## Analysis

Appellant does not challenge sufficiency of the evidence to prove that he was previously convicted of a felony. Rather, Appellant's argument focuses solely on the sufficiency of the evidence affirmatively linking him to the firearm.

To establish the offense of unlawful possession of a firearm by a felon, the State must prove that the defendant (1) was previously convicted of a felony offense and (2) possessed a firearm after the conviction, but before the fifth anniversary of his release from confinement. TEX. PENAL CODE ANN. § 46.04(a) (West Supp. 2022). The Texas Penal Code defines "possession" as "actual care, custody, control, or management." *Id*. § 1.07(a)(39) (West 2021). A person commits an offense only if he voluntarily possesses the prohibited item. *See id*. § 6.01(a) (West 2021). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id*. § 6.01(b). We analyze the sufficiency of the evidence regarding possession of a firearm by a felon under the rules adopted for determining the sufficiency of the evidence in cases involving possession of a controlled substance. *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.). Therefore, the State must prove that (1) the accused exercised actual care, custody, or control of the firearm; (2) he was conscious of his connection with it; and (3) he possessed the firearm knowingly or intentionally. *Id*.; *see also Hutchings v. State*, 333 S.W.3d 917, 920 (Tex.

4

App.—Texarkana 2011, pet. ref'd). The State need not prove that the accused had exclusive possession of the firearm; rather, joint possession is sufficient to sustain a conviction. *Swapsy v. State*, 562 S.W.3d 161, 167 (Tex. App.—Texarkana 2018, no pet.).

When the firearm is not found on the defendant's person, the evidence may nevertheless be sufficient to support a conviction for unlawful possession if it affirmatively links the defendant to the firearm. *Bates*, 155 S.W.3d at 216. The evidence, whether direct or circumstantial, must establish that the defendant's connection with the firearm "was more than just fortuitous." *Id*. Factors that may establish affirmative links include whether (1) the firearm was in plain view; (2) the accused owned the car in which the firearm was found; (3) the accused was the driver of the car in which the firearm was found; (4) the accused was in close proximity to the firearm and had ready access to it; (5) the firearm was found on the same side of the car in which the accused was sitting; (6) contraband was found on the accused; (7) the accused attempted to flee; (8) the accused's conduct indicated consciousness of guilt; (9) the accused had a special connection or relationship to the firearm; (10) the firearm was found in an enclosed area; (11) occupants of the vehicle gave conflicting statements about relevant matters; and (12) affirmative statements connect the accused to the firearm, including incriminating statements made by the accused during his arrest. *Id*. at 216-17. "The number of factors present is not as important as the logical force or the degree to which the factors, alone or in combination, tend to affirmatively link the accused to the [firearm]." *Id*. at 217. In addition, the absence of some factors is not evidence of innocence that must be weighed against the factors that are present. *Harris v. State*, 532 S.W.3d 524, 529 (Tex. App.—San Antonio 2017, no pet.). Although these factors guide a court's analysis, the ultimate inquiry remains that set forth in *Jackson*: whether, based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016).

In this case, the evidence includes several factors linking Appellant to the firearm. First, Sullivan found the firearm directly beneath Appellant's seat in the vehicle, within close proximity to Appellant. Second, the firearm was on the same side of the car as Appellant. Third, Appellant was defensive and hyperverbal during the stop. Fourth, Sullivan found the firearm in an enclosed space, *i.e.* the vehicle, the sole occupants of which were the driver and Appellant. Fifth, Appellant told Sullivan that the firearm belonged to the driver, yet he also denied knowing that a firearm was

5

in the vehicle. Sixth, although neither Appellant nor the driver owned the car, Sullivan found the keys to the car on Appellant's person, and Appellant was one of only two occupants of the vehicle.

Viewing the evidence in the light most favorable to the verdict, based on the combined and cumulative force of this evidence and the reasonable inferences therefrom, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Appellant knowingly possessed the firearm. *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Tate*, 500 S.W.3d at 414; *Penagraph*, 623 S.W.2d at 343; *Swapsy*, 562 S.W.3d at 167; *Bates*, 155 S.W.3d at 216-17; *see also* TEX. PENAL CODE ANN. § 46.04(a). Accordingly, we overrule issue three.

## MOTION TO SUPPRESS

In issue one, Appellant argues that the trial court erred by denying his motion to suppress all evidence from his arrest. Appellant asserts that because hemp was legalized and hemp looks and smells the same as marijuana, an odor of marijuana does not provide probable cause to search a vehicle and its occupants.

### Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013); *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely on credibility determinations if they are supported by the record. *Kerwick*, 393 S.W.3d at 273; *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). However, we review de novo questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Kerwick*, 393 S.W.3d at 273; *Neal*, 256 S.W.3d at 281. At a hearing on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must uphold the trial court's ruling on a motion to suppress if the ruling is supported by the record and is correct under any theory of law applicable to the case. *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003). We must view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

A routine traffic stop closely resembles an investigative detention. ***Johnson v. State***, 365 S.W.3d 484, 488 (Tex. App.—Tyler 2012, no pet.). Because an investigative detention is a seizure that implicates the United States and Texas constitutions, the traffic stop must be reasonable. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; ***Johnson***, 365 S.W.3d at 488. When, as here, a search or seizure was warrantless, the State must establish that the search or seizure was reasonable. To determine the reasonableness of an investigative detention, we must determine (1) whether the officer's action was justified at its inception and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. ***Terry v. Ohio***, 392 U.S. 1, 19-20, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889 (1968); ***Davis v. State***, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).

**<u>Analysis</u>**

As discussed above, at the hearing on Appellant's motion to suppress, the trial judge viewed Sullivan's body camera footage of the stop. The trial court also heard Sullivan testify that he stopped the vehicle in which Appellant was a passenger because it did not display a front license plate. Sullivan explained that upon approaching the vehicle, he smelled marijuana. In addition, the trial court heard Sullivan testify that the driver told him she and Appellant smoked marijuana in the vehicle earlier. Sullivan explained that he believed probable cause to search the vehicle existed based upon the odor of marijuana and the driver's admission.

It is well established that an odor of marijuana emanating from a car establishes probable cause for an officer to search the car and its occupants. ***Stringer v. State***, 605 S.W.3d 693, 697 (Tex. App.—Houston [1st Dist.] 2020, no pet.); ***Rocha v. State***, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); ***Jordan v. State***, 394 S.W.3d 58, 64-65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Our sister court in Dallas addressed the impact of the legalization of hemp on whether the odor of marijuana constitutes probable cause to search a vehicle and decided the issue adversely to the argument advanced by Appellant. ***Cortez v. State***, No. 05-21-00664-CR, 2022 WL 17817963, at *7-8 (Tex. App.—Dallas Dec. 20, 2022, pet. filed) (mem. op., not designated for publication) (odor of marijuana emanating from a vehicle gave officer probable cause to search despite marijuana being indistinguishable from hemp by smell). We agree with the reasoning of the Dallas Court of Appeals in ***Cortez***, and we conclude that when, as here, an officer smells the odor of marijuana emanating from a vehicle, the odor provides probable cause to search the vehicle and its occupants, regardless of whether the substance in question might be

hemp. *Id*.; *see also Isaac v. State*, No. 04-22-00203-CR, 2023 WL 5249619, at *2 (Tex. App.—San Antonio Aug. 16, 2023, no pet. h.) (not yet released for publication) (adopting reasoning of *Cortez* and concluding that "the odor of marijuana, as well as its appearance, can at least be part of the totality of the evidence supporting probable cause to investigate.").

We conclude that the odor of marijuana emanating from the vehicle and the driver's admission about smoking marijuana gave Sullivan probable cause to search the vehicle and its occupants. *See Stringer*, 605 S.W.3d at 697; *Rocha*, 464 S.W.3d at 418; *Jordan*, 394 S.W.3d at 64-65; *see also Isaac*, 2023 WL 5249619, at *2; *Cortez*, 2022 WL 17817963, at *7-8. Viewing the evidence in the light most favorable to the trial court's ruling and giving almost total deference to the trial court's determinations of historical fact and application-of-law-to-fact questions that turn on evaluation of credibility and demeanor, we conclude that the trial judge did not abuse his discretion by denying Appellant's motion to suppress. *See Kelly*, 204 S.W.3d at 818; *Kerwick*, 393 S.W.3d at 273. Accordingly, we overrule issue one.

## CHARGE ERROR

In issue two, Appellant contends the trial court erred by denying his request for a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure.

### Standard of Review

We review a trial court's refusal to give a jury instruction for an abuse of discretion. *Steele v. State*, 490 S.W.3d 117, 130 (Tex. App.—Houston [1st Dist.] 2016, no pet.). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

In reviewing alleged jury charge error, we first determine whether error exists, and, if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). If the alleged charge error was properly preserved by an objection or request for instruction, we must reverse if the Appellant suffered "some harm" from the error. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013).

### Applicable Law

Article 38.23(a) of the Texas Code of Criminal Procedure provides that the trial court must exclude evidence if the State obtained the evidence by violating the law. TEX. CODE CRIM. PROC.

ANN. art. 38.23(a) (West 2018). If the evidence shows that a fact issue exists regarding whether the officer's conduct was illegal, the trial court must submit an instruction that informs the jury that "if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, . . . the jury shall disregard any such evidence so obtained." *Id*. To warrant an instruction under Article 38.23, there must be a genuine dispute about a material fact issue. *Madden v. State*, 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). The defendant must demonstrate that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id*. at 510. If there is no disputed issue of material fact, the legality of the challenged conduct is a question of law for the trial court. *Id*. In addition, if other undisputed facts are sufficient to establish the lawfulness of the conduct, the contested fact is not material, and the defendant is therefore not entitled to a jury instruction. *See id*. at 510-11.

**Analysis**

Appellant argues that the trial court erred by denying his Article 38.23 instruction because an issue of fact exists regarding whether he possessed the firearm. The undisputed evidence showed that Sullivan stopped the vehicle because it did not display a front license plate. When Sullivan approached the vehicle, he smelled the odor of marijuana, and the driver told him that she and Appellant smoked marijuana in the vehicle earlier. As explained above in our analysis of issue one, these facts constituted probable cause for Sullivan to search the vehicle and its occupants. Because Appellant's possession of the firearm was not the basis for the traffic stop or for Sullivan's subsequent search of the vehicle, the issue of whether Appellant possessed the firearm is not material to the lawfulness of Sullivan's conduct in obtaining the evidence. *See id*. at 510. We conclude that the undisputed facts were sufficient to support the lawfulness of Sullivan's conduct, and an instruction pursuant to Article 38.23 was not required. *See id*. at 510-11. Therefore, the trial court did not abuse its discretion by denying Appellant's request for an Article 38.23 instruction. *See Steele*, 490 S.W.3d at 130; *Taylor*, 268 S.W.3d at 579; *Madden*, 242 S.W.3d at 509-10. We overrule issue two.

In issue four, Appellant argues that the trial court erred by assessing duplicative court costs because the cases were tried in a single criminal action. Appellant requests modification of two of the judgments and the attached orders to withdraw funds. The State concedes error and joins Appellant's request for modification of the judgments.

## Applicable Law

Article 101.073 of the Texas Code of Criminal Procedure states that "[i]n a single criminal action in which a defendant is convicted of two or more offenses . . ., the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018). The statute further provides that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id*. art. 102.073(b).

## Analysis

It is undisputed that Appellant was convicted of four offenses in a single criminal action; however, only the convictions for unlawful possession of a firearm by a felon, aggravated assault of a public servant, and assault of a peace officer are before the Court in this appeal.[3] Notice of appeal was not timely filed as to Appellant's conviction for evading arrest, and this Court concluded that Appellant's only remedy is to seek an out of time appeal with the Court of Criminal Appeals and dismissed said appeal for want of jurisdiction. *Moffitt v. State*, No. 12-23-00110-CR, 2023 WL 3749349, at *2 (Tex. App.—Tyler May 31, 2023, no pet.) (mem. op., not designated for publication). Appellant only asks this Court to modify the judgments in the unlawful possession of a firearm and assault of a peace officer cases, but the State suggests that due to the unique posture of Appellant's conviction for evading arrest, the "fairer choice" is for this Court to decline to follow Article 102.073(b) and to instead delete the costs and fees in all three cases that are before the Court. We disagree with the State.

In all three cases presently before the Court, the judgment of conviction lists court costs totaling $251.50. The bills of cost in all three cases assessed the following identical costs and fees: $5 arrest fee, $40 clerk of the court fee, $133 consolidated court costs fee, $4 county and district court technology fund, $1 county jury fund, $25 county records management and preservation fee,

---

[3] The clerk's record from the evading arrest case appears in the appellate record of each case that is presently before this Court.

$25 county specialty court account, $10 courthouse security fund, $0.60 judicial support fee (county), $5.40 judicial support fee (state), and $2.50 records management and preservation fee. These costs and fees total $251.50. As mentioned above, Article 102.073(a) provides that when a defendant is convicted of two or more offenses in a single criminal action, the trial court "may assess *each court cost or fee only once against the defendant*." TEX. CODE CRIM. PROC. ANN art. 102.073(a) (emphasis added). We agree with Appellant that the trial court erred by assessing the same costs against him for the offenses of unlawful possession of a firearm by a felon and assault of a peace officer.

Of the three convictions that are properly before this Court on appeal, the "highest category of offense" is aggravated assault of a public servant, trial cause number 114-0069-21. *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West Supp. 2022) (providing that aggravated assault of public servant lawfully discharging his duty is a first-degree felony). We therefore conclude that the trial court properly assessed costs and fees of $251.50 against Appellant in the aggravated assault of a public servant case, but the trial court erred by assessing the same costs against Appellant for the offenses of unlawful possession of a firearm by a felon (trial cause number 114-1210-19) and the assault of a peace officer (trial cause number 114-0070-21). *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b); ***Robinson v. State***, 514 S.W.3d 816, 828 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Because the offense of aggravated assault of a public servant was the "highest category of offense" for which Appellant was convicted, all court costs assessed should have only been assessed in that judgment (trial cause number 114-0069-21).[4] *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b).

We therefore modify the judgments for Appellant's convictions of unlawful possession of a firearm, trial court cause number 114-1210-19, and assault of a peace officer, trial court cause number 114-0070-21, and the attached orders to withdraw funds, to delete the assessment of costs in the amount of $251.50. *See* TEX. R. APP. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified."); ***Cates v. State***, 402 S.W.3d 250, 252 (Tex. Crim.

---

[4] Appellant may seek an out of time appeal from the Texas Court of Criminal Appeals if he wishes to challenge any assessment of duplicative costs for his conviction of evading arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2022); ***Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure governs out of time appeals from felony convictions).

App. 2013) (concluding that when trial court improperly included amounts in assessed court costs, proper remedy is to reform judgment to delete improper fees). We sustain issue four.

## DISPOSITION

Having overruled issues one, two, and three, and having sustained issue four, we ***affirm*** the trial court's judgment in trial cause number 114-0069-21, ***modify*** the judgments and attached withdrawal orders in trial cause numbers 114-1210-19 and 114-0070-21 to delete the assessment of $251.50 in court costs, and we ***affirm*** the judgments in trial causes 114-1210-19 and 114-0070-21 ***as modified***.

**BRIAN HOYLE**
Justice

Opinion delivered October 11, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 11, 2023**

**NO. 12-23-00090-CR**

**JEREMY CHRISTIAN MOFFITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1210-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and attached withdrawal order of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and attached withdrawal order of the court below be **modified** to delete $251.50 in court costs; in all other respects, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 11, 2023**

**NO. 12-23-00108-CR**

**JEREMY CHRISTIAN MOFFITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0069-21)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 11, 2023**

**NO. 12-23-00109-CR**

**JEREMY CHRISTIAN MOFFITT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0070-21)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and attached withdrawal order of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and attached withdrawal order of the court below be **modified** to delete $251.50 in court costs; in all other respects, the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*